# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY LEMONT LYONS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 06-CV-0645-CVE-FHM ) |
| CHARLIE PETERSON, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 9), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 10, 11, 12). Petitioner filed a reply (Dkt. # 13). For the reasons discussed below, the Court finds the petition shall be denied.

## *BACKGROUND*

On October 9, 2003, Tulsa Police Officer Sean Larkin stopped a vehicle driven by Petitioner Bobby Lyons ("Lyons" or "Petitioner") for speeding and running a stop sign in a residential area in Tulsa, Oklahoma. Petitioner's brother, Reco Lyons, was a passenger in the car. While Officer Larkin conducted a routine records check, Tulsa Police Officer Whitehead arrived as a backing officer. As he approached the vehicle, Officer Whitehead observed "furtive" or suspicious movement inside the vehicle. Officer Larkin wrote two (2) citations for Petitioner: driving under suspension and failing to stop at a stop sign. After Petitioner signed the citations, Officer Larkin asked Petitioner if he had anything illegal in the vehicle. After Lyons answered "no," Officer Larkin asked if he would give consent for officers to search the vehicle. According to Officer Larkin, Lyons was "extremely nervous" and tried to avoid answering the officer's questions, but he eventually gave

consent to search the vehicle. Officer Whitehead proceeded to search the vehicle. Officer Larkin observed that the brothers appeared to be "very concerned" as Officer Whitehead searched the vehicle. Between the front seat and the console, Officer Whitehead found a plastic baggie containing multiple dosage units of crack cocaine, with a total weight of 5.22 grams. When the cocaine was discovered, Officer Larkin observed the brothers' heads drop down. Officer Whitehead also found $1,400 in the center console, and a cardboard box in the rear passenger compartment containing eight (8) plastic bags of cocaine powder, with a total weight of 499.98 grams. A search of the trunk yielded five (5) bags of marijuana, with a total weight of 2.289 kilograms. No tax stamps were affixed to the drugs. Lyons and his brother were placed under arrest and searched. Officer Larkin found $1,500 in Lyons' right front pocket, and $203 and a cell phone in his left front pocket.

Based on those events, Petitioner was charged and convicted by a jury of Trafficking in Illegal Drugs (Count 1), Failure to Obtain Drug Tax Stamp (Counts 2 and 4), Unlawful Possession of Marijuana With Intent to Distribute (Count 3), Speeding in a Posted Zone (Count 5), Failure to Stop at a Stop Sign (Count 6), and Driving Under Suspension (Count 7), in Tulsa County District Court, Case No. CF-2003-4735.[1] On October 28, 2004, the trial court judge sentenced Petitioner in accordance with the jury's recommendation to twenty (20) years imprisonment and a $50,000 fine (Count 1), two (2) years imprisonment (on each of Counts 2 and 4), five (5) years imprisonment and a $10,000 fine (Count 3), a $10 fine (Count 5), a $75 fine (Count 6), and a $250 fine (Count 7). The

---

[1] Reco Lyons was also charged in Tulsa County District Court, Case No. CF-2003-4735. He and Petitioner were tried jointly. Reco Lyons was convicted of Trafficking in Illegal Drugs (Count 1). He was acquitted of Possession of Marijuana With Intent to Distribute (Count 3), and of the two counts of Failure to Obtain Drug Tax Stamp (Counts 2 and 4).

sentences were ordered to be served consecutively. He was represented at trial by attorney James C. Linger.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Bill Zuhdi, Petitioner raised two (2) propositions of error on direct appeal:

> Proposition 1: The trial court erred in overruling Lyons' motion to suppress the illegally obtained evidence and as a result of the trial court's error Lyons was wrongly convicted in violation of the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution.
>
> Proposition 2: The evidence was insufficient to sustain Lyons' convictions for Trafficking in Illegal Drugs, Failure to Obtain Drug Stamp, Unlawful Possession of Marijuana With Intent to Distribute and Failure to Obtain Drug Stamp violating Lyons' rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

(Dkt. # 10, Ex. 1). In an unpublished summary opinion, filed November 23, 2005, in Case No. F-2004-1120, the OCCA rejected Petitioner's claims and affirmed the Judgments and Sentences of the trial court (Dkt. # 10, Ex. 3). Nothing in the record suggests that Petitioner sought a writ of *certiorari* from the United States Supreme Court. Respondent represents that no post-conviction proceedings have been filed by Petitioner Bobby Lyons in state court.

Petitioner filed the instant habeas corpus petition on November 17, 2006 (Dkt. # 1). In his brief in support (Dkt. # 2), Petitioner raises the following ground of error:

> Ground 1: The Oklahoma Criminal Court of Appeals committed fundamental error by not remanding the case for new trial where testimony of police officers did not satisfy requirement, to justify consent to search of the vehicle, and where trial court erred in admitting illegally seized drugs as evidence, that evidence which was insufficient to sustain Lyons' conviction for Trafficking in Illegal Drugs. The OCCA should have found Petitioner were [sic] denied due process and equal protection of the law.

See Dkt. # 2. In response, Respondent asserts that Petitioner's claims are not cognizable in this habeas action, or do not justify habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 9.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that Petitioner fairly presented his habeas claims to the OCCA on direct appeal. Therefore, the exhaustion requirement is satisfied in this case.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his claims challenging the legality of the search and the sufficiency of the evidence to the OCCA on direct appeal. The OCCA considered, but rejected, each claim. See Dkt. # 10, Ex. 3. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims presented on direct appeal.

### 1. Failure to suppress illegally obtained evidence

Petitioner asserts that his conviction was obtained based on the introduction of evidence resulting from an unconstitutional search and seizure. See Dkt. # 2. Petitioner contends, as he did on direct appeal, that drug evidence found in the vehicle he was driving should have been suppressed based on violations of the Fourth Amendment.[2] See id. On direct appeal, the OCCA rejected Petitioner's claim that the trial court erred in failing to suppress evidence resulting from an unconstitutional search and seizure, finding as follows:

> . . . the trial court did not abuse its discretion in overruling Lyons's motion to suppress the evidence. The trial court did not abuse its discretion in finding that Lyons voluntarily consented to the search of his car after the conclusion of a valid traffic stop.

---

[2] In the title of his first proposition of error raised on direct appeal and in his habeas petition, Petitioner asserts that the illegal search of his vehicle violated not only his rights under the Fourth Amendment, but also under the Fifth, Sixth, and Eighth Amendments. See Dkt. # 10, Ex. 1; Dkt. # 2. He further claims that he was denied equal protection of the law. See Dkt. # 2. However, he makes no legal argument and offers no factual support for those claims. Only the Fourth Amendment claim is developed with factual and legal support. Therefore, Petitioner has forfeited the undeveloped claims and they will not be considered. Fox v. Ward, 200 F.3d 1286, 1294 (10th Cir. 2000) ("[F]ailure to develop this aspect of his legal argument, supported by relevant authority, effects a forfeiture of the claim.").

See Dkt. # 10, Ex. 3 (footnotes omitted).

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court stated that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court has given the petitioner a full and fair opportunity for litigation on the issue. Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

In the instant case, the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claim based on his allegation that he did not consent to the vehicle search and, as a result, the evidence should have been suppressed because it was obtained following an unconstitutional search and seizure. According to the record, Petitioner's attorney filed a motion to suppress on February 13, 2004. See Dkt. # 10, Ex. 4. On April 26, 2004, the trial court held a hearing on the motion to suppress and, at the conclusion of the hearing, denied the motion. See Dkt. # 12, Trans. dated April 26, 2004, at 18. At trial, Lyons re-urged his motion to suppress evidence and dismiss the case after the state rested. See Tr. Trans. Vol. III at 571. However, the trial court again found credible evidence that Petitioner had consented to the vehicle search and overruled the motion. Id. at 573. Petitioner also raised his Fourth Amendment issue on direct appeal in Proposition 1. See Dkt. # 10, Ex. 1.

After examination of the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts based on the legality of the search and seizure of evidence. As a result, this Court is precluded from considering the Fourth

Amendment issues raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S. at 494. See also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes, but is not limited to the procedural opportunity to raise or otherwise present a Fourth Amendment claim). Therefore, the Court concludes that Petitioner's request for habeas relief premised on a violation of the Fourth Amendment shall be denied.

## 2. *Insufficient evidence*

Petitioner also claims that the state presented insufficient evidence to establish his guilt on Counts 1-4 beyond a reasonable doubt. Petitioner's argument is premised on his contention that the State failed to prove knowledge and actual and/or constructive possession of the drugs. The OCCA adjudicated this claim as a part of Petitioner's direct appeal, finding as follows:

> . . . there was sufficient circumstantial evidence of constructive possession for a rational trier of fact to find beyond a reasonable doubt that Lyons knowingly and intelligently possessed the drugs found in the car.

Dkt. # 10, Ex. 3. Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law. See Dkt. # 9.

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2)

7

and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty of Counts 1-4 beyond a reasonable doubt. Under Oklahoma law as applicable to the facts of this case, Petitioner could not be convicted of Trafficking in Illegal Drugs unless the State proved beyond a reasonable doubt the following elements: (1) knowing, (2) distribution, manufacture, bringing into the state, or possession, (3) five (5) grams or more of cocaine base and twenty-eight (28) grams or more of cocaine hydrochloride. See Okla. Stat. tit. 63, § 2-415; see also Dkt. # 10, Ex. 5 (Instruction No. 24, OUJI-CR 2d 6-13). Petitioner could not be convicted of Possession of Marijuana With Intent to Distribute unless the State proved beyond a reasonable doubt the following elements: (1) knowing and intentional, (2) possession, (3) of the controlled dangerous substance of marijuana, (4) with an intent to distribute the marijuana. See Okla. Stat. tit. 63, § 2-401(A)(1); see also Dkt. # 10, Ex. 6 (Instruction No. 29, OUJI-CR 2d 6-4). Oklahoma's statutes requiring tax stamps on controlled drugs imply the element of knowing possession. See Okla. Stat. tit. 68, § 450.1, et seq. In this case, Petitioner challenges the element of each crime requiring knowledge of the possession of the drugs.

"[P]ossession may be either actual or constructive, and need not be exclusive as long as there is proof that the defendant knowingly and willfully shared the right to control the dangerous substance." White v. State, 900 P.2d 982, 986 (Okla. Crim. App. 1995) (internal quotation marks omitted). "[W]hile proof of [the defendant's] mere proximity [to the contraband] is insufficient to circumstantially show constructive possession, the proof of additional independent factors from which the possession may be fairly inferred may be established by circumstantial evidence and will be sufficient to carry the case to the jury." Gilreath v. State, 627 P.2d 443, 445 (Okla. Crim. App. 1981); see also Hill v. Cody, 5 F.3d 546 (10th Cir. 1993) (unpublished) (discussing and applying

9

Oklahoma law). Although Petitioner did not own the vehicle where the drugs were found,[3] there were sufficient "independent factors" to support the "knowingly possess" element required for the drug convictions. Officer Larkin described Petitioner's demeanor as "extremely nervous," see Dkt. # 12, Tr. Trans. Vol. III at 382, and he observed Petitioner and his brother to be "very concerned" as the vehicle was searched. Id. at 384. As the illegal drugs were pulled from the vehicle and shown to Petitioner, he hung his head and acted dejected. Id. at 385. Officer Whitehead also found $1,500 cash in the vehicle's console. Id. at 474-75. When Officer Larkin searched Petitioner, he found $1,500 cash in one pants pocket and $203 cash in the other pants pocket. Id. at 391. In spite of the large sums of cash found in the vehicle and in Petitioner's pockets, Officer Larkin testified that when Petitioner was being booked in at the jail, he said he was unemployed. Id. at 400. The Court concludes that this evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found beyond a reasonable doubt that Petitioner knowingly possessed the illegal drugs found in the vehicle he was driving. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, Jackson. The Court therefore finds that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). As a result, the Court finds habeas corpus relief should be denied on this claim.

---

[3] Officer Larkin testified that he knew the car was not registered in Petitioner's name prior to walking back to the car after conducting the records check. Dkt. # 12, Tr. Trans. Vol. III at 422-23.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate Judgment shall be entered in this case.

**DATED** this 19th day of February, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT